IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 09-0316-CG-B |
| $7,381.00, more or less, in U.S. Currency | ) |
| Defendant. | ) |

**ORDER**

This matter is before the court on the motion of claimant, Antwand Norwood, for relief from judgment and for new trial (Doc. 20), and the response thereto of the United States (Doc. 23). For the reasons stated below, the court finds that the motion is due to be denied.

This forfeiture action is based on the seizure of drugs and approximately $7,381.00 in drug proceeds from the bedroom and person of Antwand Norwood during the execution of a search warrant and subsequent arrest of Norwood on August 2, 2006. On October 16, 2006, Antwand Norwood entered a guilty plea to Count One of a Superseding Indictment in Cr. No. 06-00176, which charged him with conspiracy to possess cocaine with intent to distribute. The plea agreement contained a provision whereby Norwood agreed to forfeit any proceeds obtained as a result of that violation. (Doc. 298 at ¶ 25 in Cr. No. 06-00176). At the time of sentencing, the Assistant U.S. Attorney mistakenly informed the court that the forfeiture count did not apply to Norwood, and so the criminal forfeiture was dismissed. (Sentencing Transcript at p. 8, Doc. 686 in Cr. No. 06-00176). More than a year after he was sentenced, Norwood filed a motion in the criminal case for the return of the seized money. (Doc. 681 in Cr. No. 06-00176). In

1

response, the Government filed the instant action <u>in</u> <u>rem</u> to forfeit the seized currency.  Norwood then filed a claim for possession of the currency (Doc. 4), and a motion to dismiss the forfeiture action (Doc. 6).  Upon motion by the United States, the court struck Norwood's claim for lack of standing. (Docs 13, 15).  The court also denied Norwood's motion to dismiss the forfeiture action because Norwood has no standing to pursue a claim in this action. (Doc. 15).  Final judgment of forfeiture was entered on August 20, 2009. (Doc. 19).  Norwood now moves, pursuant to Rules 59(a) and 60(b)(6), for the court to (1) grant a new trial, reinstate his claim and rule on his motion to dismiss on the merits; and (2) set aside the judgment of forfeiture. (Doc. 20).

As noted above, this court previously found that plaintiff lacked standing to pursue a claim in this action.

> A defendant in a criminal case who relinquishes any right, title or interest he may have in property in a plea agreement lacks standing to maintain a claim to the same property which is the subject of a subsequent civil forfeiture action. <u>See United States v. Real Property Described in Deeds</u>, 962 F. Supp. 734, 737 (W.D.N.C. 1997) (a defendant who had waived his rights to the property as part of his plea agreement in the criminal case had no standing to contest the government's civil forfeiture action against the property); <u>United States v. $14,344.50 in U.S. Currency</u>, 49 Fed Appx. 207, 208-209 (10th Cir. 2002)(the district court properly held that the claimant lacked standing to contest the forfeiture in the civil forfeiture case when whatever interest he may have once had in the currency he relinquished in his plea agreement); <u>United States v. Le</u>, 173 F. 3d 1258, 1278 (10th Cir. 1999).
> The plea agreement in the criminal case clearly states that Norwood agreed to relinquish his right to the money in question, which was money that constituted either drug proceeds, or money intended to be used to facilitate a drug offense.  As such, Norwood does not have standing to pursue a claim to the currency, and the motion to strike his claim is **GRANTED**.

(Doc. 15).  Norwood argues that because the plea agreement he made with the Government did not specifically delineate the $7,381.00 as the proceeds or facilitating money that he agreed to

2

forfeit he never agreed to relinquish his rights to it. However, Norwood's plea agreement specifically states the following under the heading "Consent to Forfeiture":

> As a condition of this guilty plea the defendant agrees to immediately forfeit to the United States all of the defendant's right[,] title and interest to all property which is set forth in Count 35 of the Superseding Indictment, which is forfeitable to the United States pursuant to Title 21, United States Code, Section 853.

(Doc. 298 at ¶25 in Cr. No. 06-00176). Count 35 of the Superceding Indictment provides for Norwood's forfeiture of any property constituting or derived from any proceeds he obtained directly or indirectly as a result of the alleged violation, or any used or intended to be used, to commit or facilitate the commission of the alleged violation. (Doc. 199 at 10-11 in Cr. No. 06-00176). Thus, the "Consent to Forfeiture" provision, read together with the Superseding Indictment which is incorporated by reference, specifically states that Norwood immediately upon his guilty plea agreed to forfeit any drug proceeds or facilitating property. Norwood points to language in his plea agreement which states that the amount obtained as a result of the alleged offenses is to be determined by the agreement of the parties. However, the $7,381 was the only money seized from Norwood and the Superseding Indictment sought a money judgment in the amount of $5,000,000 against Norwood and his co-defendants for which the defendants would be jointly and severally liable. (Doc. 199 at 11). This amount represented the amount of proceeds obtained by Norwood and his co-conspirators from their crimes. As the United States points out, the use of money judgments in criminal forfeiture cases based on an amount of money involved in a crime that has been disbursed or cannot be presently located is well-established. <u>United States v. Conner</u>, 752 F. 2d 566, 576 (11th Cir. 1985). It is the money that was yet to be located that would require further negotiation.

Moreover, Norwood has provided insufficient factual support to establish standing.

Norwood states only that he was in possession of the currency and has evaded answering the United States' interrogatories about how he earned or came into possession of the money. The court is persuaded by the case law cited by the United States that such information must be provided to establish standing. See United States v. $39, 557 in U.S. Currency, 2008 WL 2901318, *3-*4 (D.N.J. May 21, 2008) (Government's motion to compel answers to claimant's special interrogatories seeking details of how he came into possession of the defendant currency granted); United States v. $410,000 in U.S. Currency, 2007 WL 4557647, *5 (D.N.J. Dec. 21, 2007) (Government's motion to compel claimant's answers to Rule G(6) special interrogatories granted as mere assertion of an ownership interest in a claim without additional evidence of ownership means that the claimant lacks Article III "case or controversy" standing); U.S. v. $746,198 in U.S. Currency, 299 F. Supp. 2d 923, 932-33 (S.D. Iowa) (driver of vehicle from which currency was seized could not establish standing simply by asserting he was the owner; he had to explain his possession); U.S. v. $321,470.00 in U.S. Currency, 874 F. 2d 298, 303 (5th Cir. 1989) ("property may be forfeited without any showing by the government that it is subject to forfeiture if the only claimant is unable or unwilling to provide evidence supporting his assertion of an interest in the property."); U.S. v. Ford 250 Pickup, 980 F.2d 1242, 1246 (8th Cir. 1992) ("In order to show standing to contest a forfeiture, one must first show ownership.... To be heard in court, one must first prove the threshold requirement that he or she is the owner of the property subject to the forfeiture action."); United States v. $121,100.00 in U.S. Currency, 999 F.2d 1503, 1505 (11th Cir. 1993) ("Initially, the claimant must establish standing as an owner of the contested property."). As such, the court is unpersuaded that plaintiff has established

standing in this case. Especially in light of the standards of Rules 59(a)[1] and 60(b)(6)[2] under which Norwood's motion is brought, the court finds that Norwood's request to set aside the judgment and reinstate his claim should be denied.

## CONCLUSION

For the reasons stated above, the motion of claimant, Antwand Norwood, for relief from judgment and for new trial (Doc. 20) is **DENIED**.

**DONE and ORDERED** this 16th day of September, 2009.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] It is unclear why Norwood is requesting a new trial, since there has been no trial at all in this case. Rule 59(a) states that a judge may grant a new trial either "(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." FED.R.CIV.P. 59(a). Since there has been no jury or nonjury trial, the request for a new trial is nonsensical.

[2] The catchall provision of Rule 60(b) authorizes relief from judgment based on "any other reason that justifies relief." FED.R.CIV.P. 60(b)(6). A motion pursuant to Rule 60(b)(6) must "demonstrate that the circumstances are sufficiently extraordinary to warrant relief. "Exceptional circumstances" must be shown. Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993). Even then, whether to grant the requested relief is ... a matter for the district court's sound discretion." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000) (internal quotation and citation omitted).